IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01667-KAS

ANIESKY BARONA ROJAS,

     Petitioner,

v.

GEORGE VALDEZ[1], in his official capacity as Acting Director of ICE's Denver Field Office,
MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security,
U.S. DEPARTMENT OF HOMELAND SECURITY,
TODD BLANCHE, in his official capacity as Attorney General of the United States,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and
WARDEN OF DENVER CONTRACT DETENTION FACILITY,

     Respondents.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on the **Petition for Writ of Habeas Corpus** [#1] (the "Petition"), which was filed by Aniesky Barona Rojas ("Petitioner"). The Court ordered Respondents to show cause within five days of service why the Petition should not be granted. *Order to Show Cause* [#4]. Respondents filed a Response [#10]. The Court has reviewed the briefs, the case file, and the applicable law. For the reasons set forth below, the Court **ORDERS**[2] that the Petition [#1] be **GRANTED in part**.

---

[1] George Valdez is automatically substituted in Robert Hagan's place pursuant to Fed. R. Civ. P. 25(d).

[2] All parties consent to magistrate judge jurisdiction. *See Signed Consent/Non-Consent Form* [#9]; *Order of Reference* [#11].

## I.    Background

Petitioner, a citizen of Cuba and a noncitizen of the United States, has been in immigration detention since approximately November 14, 2025.[3] *Petition* [#1] ¶¶ 11, 22. Petitioner states that he has resided in the United States since 2022. *Id*. Petitioner further states that he requested review of his custody by an immigration judge ("IJ") and was denied bond by the IJ because "he was deemed an 'applicant for admission.'" *Id.* ¶ 11. Elsewhere in his Petition, Petitioner states that the Government has denied Petitioner a bond hearing. *Id.* ¶ 42.

The Government purports to detain Petitioner under 8 U.S.C. § 1225(b). *Response* [#10] at 2. Petitioner asserts that his continued detention is illegitimate because he is a member of the class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). *Petition* [#1] ¶¶ 37-42. However, because the Ninth Circuit stayed the relevant certification order for jurisdictions other than the Central District of California, the Court will undertake an independent analysis of the relevant statutory scheme and appropriate remedy.

This matter is ripe for disposition. No party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025)

---

[3] The Petition [#1] is internally inconsistent with respect to the length of time that Petitioner has been in ICE detention. *Compare Petition* [#1] ¶ 11 ("Petitioner . . . has been in immigration detention since January 1, 2022. . . . Petitioner has resided in the United States since 2022."), *with id.* ¶ 22 ("He was apprehended by immigration authorities on November 14, 2025."). The Court construes the Petition to mean that Petitioner entered the United States in 2022 and was taken into ICE custody on November 14, 2025.

(declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## II.    Legal Standard

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III.    Analysis

The Petition primarily turns on whether Respondents may properly detain him pursuant to § 1225(b)(2)(A), such that he is not entitled to a bond hearing. The Court summarizes the relevant statutory framework before turning to the issues raised in the Petition.

## A.    Statutory Framework

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to

3

certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)-(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen) (emphasis added). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in the case of an [noncitizen] who is an applicant for admission, if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Under § 1225(a)(1), an "applicant for admission" is

> [A noncitizen] present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including [a noncitizen] who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297) (other citations omitted).

**B.    Application**

Respondents summarily argue that § 1225(b)(2)(A) requires Petitioner's detention and, therefore, he is not entitled to a bond hearing. *Response* [#10] at 2-5. They

incorporate by reference a more in-depth legal analysis that they presented on the same issue in *Mendoza Gutierrez v. Baltazar*, Civil Action No. 25-cv-02720-RMR, ECF No. 26 at 10-19. *Resp.'s Ex. A, Mendoza Gutierrez US Response Brief* [#10-1]. As Respondents acknowledge, "[t]he central legal issue presented in this case concerns whether a noncitizen who is present in the United States and has not been admitted is subject to mandatory detention by [ICE] under 8 U.S.C. § 1225(b), or whether such a noncitizen is entitled by § 1226(a) to seek a bond hearing." *Response* [#10] at 2. As Respondents further acknowledge, however, "[t]his issue is not materially different from an issue this Court has resolved in a prior ruling in another case[,]" *id*.; namely, the order in *Quintanilla Ramirez v. Baltazar,* No. 26-cv-01566-KAS, 2026 WL 1251616 (D. Colo. May 6, 2026). And Respondents further acknowledge that "until the Tenth Circuit rules on this issue, this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision[.]" *Response* [#10] at 4. Moreover, Respondents have cited no binding authority in arguing that the Court should reconsider its prior ruling.

The Court agrees with Respondents that the analysis in the Court's *Quintanilla Ramirez* Order also governs here. And Respondents have provided no reason to revisit that ruling. Finding no material factual distinction, the Court also incorporates its analysis from its Recommendation in *Kumar v. Lyons*, No. 26-cv-00913-NYW-KAS, *Recommendation* [#23], and the District Judge's Order adopting the undersigned's Recommendation. *Kumar v. Lyons*, No. 26-cv-00913-NYW-KAS, 2026 WL 1282807, at *4 (D. Colo. May 11, 2026). The Court therefore refers the parties to its analysis in *Kumar*, finding that the due process analysis provided in that case also applies here. Accordingly,

5

Petitioner is entitled to, at minimum, a bond hearing because his continued detention without a bond hearing violates his due process rights.

## C.      Appropriate Remedy

Although Petitioner's arguments primarily reflect the idea that he should receive a bond hearing pursuant to § 1226, in his Prayer for Relief, Petitioner requests that he be immediately released. *See* Prayer for Relief, *Petition* [#1] at 10. Respondents argue that "the appropriate relief is for the Court to direct that a bond hearing be conducted pursuant to § 1226(a) before an immigration judge" and that the Court "should not order immediate release" because other courts in this District have instead awarded bond hearings in this context. *Response* [#10] at 4.

The Court agrees with Respondents that, as explained in *Kumar*, § 1226(a) generally "'does not require release,' but instead 'provides DHS the discretion to grant [a noncitizen] release on bond[.]" *Kumar*, 26-cv-00913-NYW-KAS, *Recommendation* [#23] at 9 (quoting *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025)). Therefore, the Court orders Respondents to provide Petitioner with a bond hearing before an immigration judge, who "is better suited [than this Court] to consider whether Petitioner poses a flight risk and a danger to the community." *Id.* At this bond hearing, Respondents will bear the burden of proof by clear and convincing evidence. *Id.* at 9-10 (joining other courts in this district concluding that in this context, the government bears the burden of proof by clear and convincing evidence).

### IV.     Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Petition [#1] be **GRANTED in part**.

6

IT IS FURTHER **ORDERED** that Respondents shall provide Petitioner a bond hearing no later than **June 12, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**.

IT IS FURTHER **ORDERED** that, on or before **June 22, 2026**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted, or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

Dated: June 4, 2026                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge

7